

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank J. Fiolek, Jr., | CV 01-00036-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Tucson Unified School District, | |
| Defendant. | |

### Report and Recommendation: 28 U.S.C. § 636(b)(1)

Plaintiff Frank J. Fiolek, Jr. ("Fiolek"), filed his Complaint against Defendant Tucson Unified School District ("TUSD") on January 24, 2001, seeking money damages, injunctive relief and attorney's fees. Fiolek complains that TUSD discriminated against him because he is HIV infected. Before serving his Complaint, he filed an Amended Complaint on April 2, 2001, claiming discrimination, harassment, and retaliation by TUSD. Plaintiff argues that TUSD violated his legal rights as established by the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, et. seq.

TUSD denies Fiolek's allegations and moves for summary judgment on all claims, specifically TUSD argues that it is entitled to judgment as a matter of law as follows: 1) Fiolek is not "disabled" as defined in the ADA; 2) Fiolek was not a victim of harassment and discrimination; 3) TUSD did not unlawfully retaliate against Fiolek for exercising his rights under the ADA; and 4) TUSD did participate in the reasonable accommodation process.

Fiolek seeks partial summary judgment on three issues: 1) Fiolek is "disabled" as defined in the ADA; 2) TUSD failed to engage in the interactive reasonable accommodation process; and 3) TUSD cannot establish its affirmative defense that Fiolek failed to take

advantage of preventative or corrective opportunities provided by TUSD or avoid harm otherwise.

This case was referred to Magistrate Judge Charles R. Pyle for all pretrial proceedings and a Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and Local Rules 1.16 and 1.17, Rules of Practice of the United States District Court for the District of Arizona. The parties' motions were argued before Magistrate Judge Pyle on July 25, 2003. They were taken under advisement and after considering the arguments and legal memoranda of the parties, Magistrate Judge Pyle issued a Report and Recommendation on August 26, 2003.

Magistrate Judge Pyle recommends that this Court grant partial summary adjudication to Fiolek that he is an individual with a "disability" as defined in 42 U.S.C. § 12102(2) because he is substantially limited in the major life activity of reproduction. The Magistrate Judge further recommends that all other summary relief be denied.

Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination and must specifically address those portions of the Report and Recommendation to which there are objections. 28 U.S.C. § 636(b)(1)(C). To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to FED.R.CIV.P. 72 (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The Defendant objects to the recommendation that the Court find the Plaintiff disabled. Defendant asserts that Plaintiff failed to establish that the major life activity of reproduction was substantially limited by his HIV infection. Alternatively, Defendant asserts that there remains a genuine issue of material fact as to whether Plaintiff is disabled and, therefore, summary adjudication for the Plaintiff is inappropriate. The Plaintiff filed a Response to the objections. The issues are fully briefed and ready for disposition by this Court.

After an independent review of the parties' arguments and the record, the Court adopts the recommendation of the Magistrate Judge, except for his recommendation that Plaintiff is disabled as a matter of law based on his allegation that his HIV infection substantially limits his major life activity of reproduction. The Court finds that there are material issues of fact in dispute that prevent summary judgment as to all issues presented by the parties in the dispositive motions. The Court adopts the recommendation of the Magistrate Judge to grant the Defendant's unopposed request to dismiss the Plaintiff's punitive damage claim.

### Disability: Substantial Limitation on Major Life Activity

Defendant's challenge to Plaintiff's disability status is based on *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002) and *Sutton v. United Airlines*, 527 U.S. 471 (1991). These cases make it clear that the ADA imposes a demanding standard for qualifying as disabled to trigger the broad protections afforded by the Act.[1]

First, Plaintiff must have a physical impairment that affects one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive, digestive, genito-urinary; hemic and lymphatic; skin; and endocrine; . . . " 45 CFR § 84.3(j)(2)(i) (1997). The Supreme Court has recognized that HIV infection is, as a matter of law, a physical impairment "at the moment of infection" and therefore, "satisfies the statutory . . . definition of a physical impairment at every stage of the disease." *Bragdon v. Abbott*, 524 U.S. 634, 636 (1998).

However, "[m]erely having an impairment does not make one disabled for purposes of the ADA." *Toyota*, 534 U.S. at 195 (*citing* 42 U.S.C. § 121002(2)(A) (1994ed.)). Under the

---

[1] The ADA requires covered entities, including private employers, to provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship." 42 U.S.C. § 12112(b)(5)(A) (1994 ed.); see also § 12111(2) ("The term 'covered entity' means an employer, employment agency, labor organization, or joint labor-management committee"). The Act defines a "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." § 12111(8).

ADA "disability" is defined as follows: "'(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.'" *Id.* at 193 (*quoting* 42 U.S.C. § 12102(2)). Under the ADA, claimants must demonstrate that the impairment limits a major life activity. See 42 U.S.C. § 12102(2)(A) (1994 ed.). *Id.* at 195. The Supreme Court referred to the HEW Rehabilitation Act regulations' list of examples of "major life activities" that includes: "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Id.* (*citing* 45 CFR. § 84.3(j)(2)(ii) (2001)).

To qualify as disabled, a claimant must further show that the limitation on the major life activity is "substantial." 42 U.S.C. § 12102(2)(A). Unlike "physical impairment" and "major life activities," the HEW regulations do not define the term "substantially limits." The EEOC, therefore, created its own definition for purposes of the ADA. *Id.* at 196. According to the EEOC regulations, "substantially limit[ed]" means "[u]nable to perform a major life activity that the average person in the general population can perform;" or "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity *as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity*." *Id.* (*emphasis added*) (*citing* 29 CFR. § 1630.2(j) (2001)); *see also Fraser v. Goodale*, 2342 F.3d 1032, 1042 (9th Cir. 2003) (recognizing as a matter of first impression that eating is a major life activity that is substantially impaired for the brittle diabetic with severe dietary restrictions as compared to a person with simple dietary restrictions because "simply having the ability to control an illness does not make controlling the illness easy.")

In determining whether an individual is substantially limited in a major life activity, the regulations instruct that the following factors should be considered: "the nature and severity of the impairment; the duration or expected duration of the impairment; and the permanent or long-term impact, or the expected permanent or long-term impact of or resulting from the impairment." *Toyota*, 534 U.S. at 196 (*citing* §§ 1630.2(j)(2)(i)-(iii).

The question presented in *Toyota* was whether impairments, including carpal tunnel syndrome, myotendinitis, and thoracic outlet compression, substantially limited the plaintiff in the major life activity of performing manual tasks. *Id.* at 196. To answer the question, the Court considered what a plaintiff must demonstrate to establish a substantial limitation in the specific major life activity of performing manual tasks. *Id.*

The Court rejected plaintiff's claim of disability based on her assertion that her impairments prevented her from performing manual tasks associated with her assembly line job because the manual tasks unique to any particular job are not necessarily important parts of most people's lives. *Id.* at 201. The Court found that the lower court had disregarded the very type of evidence that it should have focused upon: whether plaintiff could tend to her personal hygiene and personal or household chores. *Id.* at 201-02. The Court held, "to be substantially limited in performing manual tasks, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance *to most people's daily lives.*" *Id.* at 198 (emphasis added). "The impairment's impact must also be permanent or long term." *Id.* (*citing* 29 CFR. §§ 1630.2(j)(2)(ii)-(iii) (2001).

The Court declared that carpal tunnel syndrome is a type of impairment "whose symptoms vary widely from person to person," making an individualized assessment "particularly necessary." *Id.* at 691-92. The Court held that in such situations it is insufficient for individuals attempting to prove disability status merely to submit evidence of a medical diagnosis of an impairment; instead, they must offer evidence that the extent of the limitation caused by their impairment is substantial in terms of their own experience. *Id.*

The Defendant argues that the holding in *Toyota* undermines the case relied on by the Plaintiff, *Bragdon v. Abbott*, 524 U.S. 624, 641-42 (1998). The Court in *Bragdon* spent several pages of its opinion discussing regulations, administrative interpretations, and prior court decisions supporting its conclusion that "HIV infection, even in the so-called asymptomatic phase, is an impairment which substantially limits the life activity of reproduction." *Id.* at 647. The analysis in *Bragdon* came very close to treating HIV infection as a *per se* disability. *See*

*also Albertson's Inc. v. Kirkingburg*, 527 U.S. 555 (1999) (some impairments may invariably cause a substantial limitation of a major life activity). *Id.* at 566.

In 1988, the United States Department of Justice had concluded that HIV infection constituted a "handicap" within the meaning of Section 504 of the Rehabilitation Act of 1973. Since in *Bragdon* the Court declined to declare expressly that HIV infection is a *per se* disability, the decision might be seen as something of a retreat from the Department's position, but *Bragdon* certainly left open the possibility that the Court might accord the condition *per se* status at a later date. Defendant argues that *Toyota* closed the door to such a possibility.

The individualized approach in *Toyota* was emphasized in *Sutton v. United States Air Lines*, 527 U.S. 471 (1999). In *Sutton*, twin sisters with severe myopia contended they were discriminated against by their employer, the airline. The twins wore corrective lenses which gave them 20/20 vision or better. While the twins were impaired for purposes of the ADA, the Supreme Court held that the twins were not disabled because disability does not depend on hypotheticals such as what the twins would face if they did not wear glasses. *Id.* at 482, 488-89. The disability determination "depends on whether the limitations an individual with an impairment actually faces are in fact substantially limiting." *Id.* at 488; *see also Kirkingburg*, 527 U.S. at 566 (consider mitigating measures such as the body's natural response to cope with physical impairment).

While *Toyota* may have lessened the applicability of *Bragdon* in some cases, it has a limited affect here. The Supreme Court issued the *Bragdon* decision in 1999. Therefore, its discussion regarding the affects of HIV infection, the treatment of HIV infection, and the method and risk of transmission directly applies to Plaintiff's case because it correlates to the relevant time frame of Plaintiff's experience: 1996 to 1998.

In *Bragdon,* the Court addressed the claim that HIV infection placed a substantial limitation on the Plaintiff's ability to reproduce and bear children. The Court noted as follows:

> Respondent's claim throughout this case has been that the HIV infection placed a substantial limitation on her ability to reproduce and to bear children. App. 14; 912 F.Supp., at 586, 107 F.3d, at 939. Given the pervasive, and invariably fatal, course of the disease, its effect on major life activities of many sorts might have been relevant to our inquiry. Respondent and a number of *amici* make

arguments about HIV's profound impact on almost every phase of the infected person's life. See Brief for Respondent Abbott 24-27; Brief for American Medical Association as *Amicus Curiae* 20; Brief for Infectious Diseases Society of America et al. as *Amici Curiae* 7-11. In light of these submissions, it may seem legalistic to circumscribe our discussion to the activity of reproduction. We have little doubt that had different parties brought the suit they would have maintained that an HIV infection imposes substantial limitations on other major life activities.

From the outset, however, the case has been treated as one in which reproduction was the major life activity limited by the impairment. It is our practice to decide cases on the grounds raised and considered in the Court of Appeals and included in the question on which we granted certiorari. See, *e.g., Blessing v. Freestone,* 520 U.S. 329, 340, n. 3, 117 S.Ct. 1353, 1359, n. 3, 137 L.Ed.2d 569 (1997) (citing this Court's Rule 14.1(a)); *Capitol Square Review and Advisory Bd. v. Pinette,* 515 U.S. 753, 760, 115 S.Ct. 2440, 2445-2446, 132 L.Ed.2d 650 (1995).

*Bragdon,* 524 U.S. at 637-38. The Supreme Court answered the question of whether reproduction is a major life activity as follows: "We have little difficulty concluding that it is." *Id.* at 638. "Reproduction falls well within the phrase 'major life activity.' Reproduction and the sexual dynamics surrounding it are central to the life process itself." *Id.*

In support of its opinion that HIV infection substantially limited reproduction, the Supreme Court included several pages detailing the diseases' then known, "predictable" and "unalterable course" applicable to all individuals infected with the disease. *Bragdon,* 524 U.S. at 634-637, 639-641. The *Bragdon* Court's treatment of HIV as a *quasi-per se* disability is in stark contrast to its declaration in *Toyota* that carpal tunnel is the type of impairment "whose symptoms vary widely from person to person," making an individualized assessment "particularly necessary.

The cases are distinguishable; the impairments are distinguishable.

In light of the Supreme Court's emphasis on the importance of individualized determinations of disability, which includes taking mitigating measures into account, this Court follows Magistrate Judge Pyle's recommendation to not accord *per se* disability status to Plaintiff's HIV infection. The Court does not, however agree with the Magistrate Judge's conclusion that, as a matter of law, Plaintiff has established a substantial impairment of his ability to reproduce. Nor does it agree with Magistrate Judge Pyle's opinion that the impact of *Toyota* makes it "unlikely" that there could be a finding of substantial, long-term impairment

to Plaintiff's other major life functions besides reproduction. Issues of fact are in dispute regarding Plaintiff's status as disabled under the ADA.

Plaintiff asserts that his HIV infection substantially limits the following major life activities: 1) reproduction and parenting; 2) social interaction, including non-procreative sex and parenting; 3) the ability to care for himself; 4) eating and digesting food; and 5) the ability to fight infections and have a properly working immune function. This Court finds that Plaintiff has presented facts to dispute Defendant's assertion that he is in good health, is only incapable of donating blood, and can function as well as the majority of people in society.[2] More importantly, Plaintiff has presented evidence to support his claim that during the time he worked as a custodian for TUSD and took anti-retroviral medication to treat his HIV infection, 1996 to 1998, he was substantially limited in the claimed major life activities.

### Summary Judgment/Adjudication: FED.R.CIV.P., Rules 56(d) and 56(c)

As Magistrate Judge Pyle recommends, this Court treats Fiolek's request for partial summary judgment on the issue of disability as a request under FED.R.CIV.P., Rule 56(d) for summary adjudication of an issue of fact instead of as a motion for summary judgment under FED.R.CIV.P., Rule 56(c). As the Magistrate Judge noted, the determination that Fiolek is "disabled" is not a judgment, it is an interlocutory order that is properly referred to as a partial summary adjudication. Wright, Miller and Kane, *Federal Practice and Procedure: Civil 2d* § 2737, p. 324 (2d ed. 1983).

---

[2]Defendant has misconstrued the requisite individualized assessment to be a post-hoc analysis of Plaintiff's experience with 20/20 hindsight accuracy. Plaintiff has ultimately responded well to treatment. While he is still infected with HIV, still is being treated with anti-retroviral medication, and still suffers from side-effects of his disease and medication, his CD4 count is in the normal range. (Sealed Appendix to MPSJ: Ex. 18, Carmichael Depo. at 76.) Defendant tells the Court that Plaintiff's own expert has opined that his health is "excellent" and that Plaintiff functions as well as the vast majority of people in society. (D's MSJ at 7 n.4.)
   The statements the Defendant relies on pertain to Plaintiff's current health, not to his condition in 1996-1998, and as noted by Plaintiff's expert, the description of Plaintiff's health as "excellent" was a poor choice of an adjective. (Sealed Appendix to P's Opposition and Reply, Ex. 19: Klotz Depo. at 71.) Such evidence is not relevant to the inquiry of whether or not Plaintiff met the ADA definition of disabled when he sought the accommodation of a work reduction from the Defendant.

Applications to establish fact issues as uncontested under Rule 56(d) are not looked upon with favor. *Burgans v. New York Cent. R. Co.*, 192 F. Supp. 222, 223 (S.D.N.Y. 1961). If the ruling will not expedite the trial of the matter, such relief should not be granted. *Id.*; *Taylor v. Redesi A/S Volvo*, 374 F.2d 545, 550 (3rd Cir. 1967). Magistrate Judge Pyle was persuaded to summarily adjudicate the issue of disability because he concluded that many of the issues related to the determination of disability are divorced from the facts at issue in this employment dispute. He found that resolving the issue of "disability" under Rule 56(d) would expedite the trial significantly.

While this may be true, whether or not an impairment substantially limits a major life activity is a question of fact that requires a sensitive, fact-based analysis. *Fraser*, 342 F.3d at 1039. Normally, summary adjudication will not be appropriate on the issue of substantiality because "[d]etermining both how well "the average person in the general population" performs any given major life activity and whether the plaintiff has proven he is "unable to perform" or is "significantly restricted" in performing a major life activity involves weighing evidence and assessing credibility of witnesses, tasks historically given to the jury in our judicial system." *Bristol*, 281 F.3d at 1158 (citing *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 625 (1991)). The only exception is if the Court can conclude "that no triable issue of fact impedes a ruling on the question of . . . [whether] Respondent's HIV infection is a physical impairment which substantially limits a major life activity, as the ADA defines it." *Id.* (citing *Bragdon*, 524 U.S. at 641); *see also Albertson's*, 527 U.S. at 566 (recognizing some impairments might constitute per se disability).

Summary Judgment is appropriate only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P., Rule 56(c). The movant carries the burden of showing that there is no genuine issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is any factual dispute that might effect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). A factual dispute is genuine if the evidence is such that a reasonable jury could resolve the dispute in favor of the non-moving party. *Id.*

In determining whether to grant summary judgment, the Court views the facts and inferences from these facts in the light most favorable to the non-moving party. *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 577 (1986); all reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party, *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). Where different inferences can be drawn, summary judgment is inappropriate. *Sankovich v. Life Ins. Co. of North Am.*, 638 F.2d 136, 140 (9th Cir. 1981); *Matsushita Elec. Co*, 475 U.S. at 577 (all facts and inferences are viewed in light most favorable to non-moving party)..

The Judge's role on a motion for summary judgment is not to determine the truth of the matter or to weigh the evidence, or determine credibility, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 252. The inquiry mirrors the standard for a directed verdict: whether the evidence presented reveals a factual disagreement requiring submission to a jury or whether evidence is so one sided that one party must prevail as a matter of law. *Celotex*, 477 U.S. 323 (*citing Liberty Lobby*, 477 U.S. at 250 (standard mirrors that for a directed verdict)).

Here, a thorough examination of the parties' dispositive motions, corresponding memoranda, documentation, and supporting affidavits and declarations, reveal that there are material issues of factual that prevent finding, as a matter of law, that Plaintiff's HIV infection does or does not substantially limit a major life activity. This issue is decidedly factual in its nature, and neither Plaintiff nor Defendant can prevail on summary judgment motion. The issue of Plaintiff's disability is best decided after a full presentation of the facts to a jury, which will then be in better position to determine "both how well 'the average person in the general population' performs any given major life activity and whether the plaintiff has proven he is 'unable to perform' or is 'significantly restricted' in performing a major life activity." *Bristol*, 281 F.3d at 1158.

The Court concurs in Magistrate Judge Pyle's assessment that there are material issues of fact in dispute as to all other issues remaining in this case. As explained in the Report and Recommendation, summary judgment is not appropriate for the Defendant on the following

issues: reasonable accommodation; discrimination, harassment; and retaliation. Summary judgment for the Plaintiff is not appropriate on the issue of Defendant's entitlement to assert an affirmative defense to Plaintiff's claim of discrimination.

### Punitive Damages

Defendant's motion to dismiss Plaintiff's claim for punitive damages is unopposed.

### Conclusion

After a *de novo* review, the Court adopts as its own the findings and recommendations of the Magistrate Judge, except for the Magistrate Judge's recommendation that Plaintiff is an individual with a "disability" because his HIV infection substantially limits his ability to reproduce. The Court finds that the issue of disability must be tried and decided by a jury. The Court denies all requested summary relief, except that it grants the Defendant's unopposed request to dismiss the Plaintiff's punitive damage claim.

**Accordingly,**

IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment (Dkt 179) is **DENIED.**

IT IS FURTHER ORDERED that Defendant's Motion for Partial Summary Judgment (Dkt 184) is **DENIED, except that it is granted as to the issue of punitive damages**; Plaintiff's punitive damage claim is dismissed.

IT IS FURTHER ORDERED that the parties shall file their Joint Pretrial Order by October 31, 2003; a copy of the format for the Pretrial Order is attached here.

IT IS FURTHER ORDERED that a Pretrial Conference is set on November 24, 2003 at 10:30 a.m. before the Honorable David C. Bury in Courtroom 6B, Sixth Floor, Evo A. DeConcini United States Courthouse, 405 W. Congress Street, Tucson, Arizona.

DATED this 17th day of October, 2003.

David C. Bury
United States District Judge

- 11 -

# FORM OF PRETRIAL ORDER

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| Plaintiff, | ) ) ) ) | |
| v. | ) ) | CV         TUC DCB |
|  | ) ) | **PRETRIAL ORDER** |
| Defendant. | ) ) ) | |

(Although the text of the pretrial order appears in single space, the actual order submitted by the parties must be double spaced and conform in all other respects to the Local Rules.)

The following are pretrial proceedings in this cause pursuant to Rule 2.12 of this Court, and **IT IS ORDERED**:

I. <u>Nature of the Case</u>

This is an action for: (State nature of action, including relief sought and identification of parties.)

## II. Jurisdiction

Statement of jurisdiction: (State the facts and cite the statutes which give this Court jurisdiction of this case.)

## III. Uncontested Facts and Stipulations

The following facts are admitted by the parties and require no proof:

The following facts, although not admitted, will not be contested at trial by evidence to the contrary:

## IV. Contested Issues of Fact/Law

The following are the issues of fact to be tried and determined upon trial: (Each issue of fact must be stated separately and in specific terms. The parties' contentions as to each issue must be set forth beneath.)

Issue: (Example: Whether the plaintiff used due care in crossing the road.)

Plaintiff contends: (Example: that plaintiff looked both ways before proceeding into the street)

Defendant contends: (Example: that plaintiff was chasing a ball and darted out into the street without looking)

The following are the issues of law to be tried and determined upon trial: (Each issue of law must be stated separately and in specific terms. The parties' contentions as to each issue must be set forth beneath.)

Issue: (Example: Whether plaintiff's complaint should be barred by laches.)

Plaintiff contends: (Example: that plaintiff was aware that defendant has initiated construction and that plaintiff waited until defendant completed construction before bringing plaintiff's action. For this reason, plaintiff claims that defendant is barred by laches.)

Defendant contends: (Example: that plaintiff's knowledge is immaterial so long as plaintiff's complaint was brought within the applicable statute of limitations.)

## V. List of Exhibits

The following exhibits are admissible in evidence in this case and may be marked in evidence by the Clerk:
    (a)    Plaintiff's exhibits:
    (b)    Defendant's exhibits:

As to the following exhibits, the parties have reached the stipulations stated regarding the same:
    (a)    Plaintiff's exhibits:
    (b)    Defendant's exhibits:

As to the following exhibits, the party against whom the same will be offered objects to their admission upon the grounds stated:
    (a)    Plaintiff's exhibits (e.g., City Hospital record of plaintiff March 6-22, 1978. Defendant objects for lack of foundation (specify why lack of foundation))
    (b)    Defendant's exhibits (e.g., payroll records of plaintiff's employer, evidencing payment of plaintiff's salary during hospitalization and recovery. Plaintiff objects on ground of immateriality (specify why immaterial)).

## VI. List of Witnesses

The following witnesses will be called by the parties upon trial: (Addresses must be provided. If unknown, so state.)

    (a)    On behalf of plaintiff:
            Name            Address

    (b)    On behalf of defendant:
            Name            Address

## VII. Jury Trial or Bench Trial

A jury trial (has) (has not) been requested, and (was) (was not) timely requested. It is anticipated that the case will require _____ trial days.

APPROVED AS TO FORM AND CONTENT:

_____    _____
Attorney for Plaintiff             Attorney for Defendant


This Joint Pretrial Order is hereby approved on this _____ day of _____, 2002.




_____
David C. Bury
United States District Judge

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

|  |  |
|---|---|
| Plaintiffs,<br>v.<br><br>Defendants. | ) CV          TUC DCB<br>)<br>) **ORDER: PRETRIAL**<br>) **CONFERENCE DATES**<br>) |

A Pretrial Conference was held by this Court on _____. The Court ordered the following:

a. This matter is set for trial on _____, 2002, at _____ _.M.

b. Any motions in limine must be submitted by _____, 2002, (APPROX. 15 DAYS PRIOR TO TRIAL), with responses due by _____, 2002, (APPROX. 10 DAYS PRIOR TO TRIAL), and no replies shall be filed. Motions in limine and responses are limited to 5 pages.

c. Trial briefs are optional, but if submitted they shall be filed with the Court by _____, 2002. (APPROX. 10 DAYS PRIOR TO TRIAL)

d. The parties shall contact the Courtroom Deputy, Cathy Schwader at (520) 205-4231, regarding the Court's requirements for preparation and presentation of exhibits, exhibit lists and witness lists.

e. Deposition testimony: The transcripts of deposition testimony to be offered at trial shall be disclosed as follows: 1) Plaintiff shall mark and submit any excerpts Plaintiff intends to offer in the case in chief to opposing counsel no later than _____, 2002; (APPROX. 30 DAYS PRIOR TO TRIAL) 2) opposing counsel shall make objections, mark and submit the excerpts of deposition testimony it proposes to offer to Plaintiff's counsel by _____, 2002; (APPROX. 20 DAYS PRIOR TO TRIAL) 3) Plaintiff's counsel has until _____, 2002, to make objections to Defendant's offered deposition testimony. (APPROX. 15 DAYS PRIOR TO TRIAL)

f. The transcripts of deposition testimony to be offered in the case in chief shall be **jointly** submitted to the Court by _____, 2002, (APPROX. 10 DAYS PRIOR TO TRIAL) marked as follows: 1) The parties shall meet and

stipulate to the excerpts of the deposition testimony which may be read into the trial record and shall mark these by highlighter in green. As to contested portions of any transcripts, the Plaintiff's excerpts shall be highlighted in yellow, and the Defendant's excerpts shall be highlighted in blue. Each party shall provide corresponding memorandum identifying and explaining the basis for any objections. <u>Counsel are advised to retain a copy of the marked set of transcripts filed with the Court.</u>

g. For a Jury trial: proposed voir dire, stipulated jury instructions and counsel's additional proposed jury instructions shall be filed by _____, 2002. (APPROX. 10 DAYS PRIOR TO TRIAL) (The Court has its own standard instructions and counsel need only provide the special instructions, unique to the cause of action.)

2. (ONLY IF THE PARTIES REQUESTED AND THE COURT AGREED TO ALLOW A MAIL-OUT JURY QUESTIONNAIRE) Jury questionnaires, **which are to be mailed out to jurors**, must be approved by the court and shall be submitted for the Court's review by _____, 2002. (APPROX. 20 DAYS PRIOR TO TRIAL)

3. Motions in limine, any objections to deposition testimony, and any other matters which must be resolved for purposes of trial shall be heard by the Court on _____, 2002, at _____. M. (APPROX. 1 WEEK BEFORE TRIAL)

DATED this \_\_\_ day of _____, 2002.

                                        David C. Bury
                                        United States District Judge